# N. Y. COMMON PLEAS.

Jose A. Obregon and another agt. Juan C. De Mier.

*Arrest — Money received in a fiduciary capacity.*

Where a *specific sum of money* is intrusted to a party upon the credit of his personal integrity to. be invested in a *particular way*, it cannot be charged to his mercantile credit, which is based upon his financial status only, and be thereby reduced or changed to a simple debt.

Such money is held by him in a *fiduciary capacity* and must be used as directed by the owner of the fund; and the relation is not changed, though the previous directions are rescinded and a new direction is conveyed in the form of a draft upon him for the whole sum.

Although, by the acceptance of the draft the defendant incurred a liability to the payees and holders of the draft, it is sufficient upon the trial to surrender any such securities.

*Special Term, November,* 1876.

The plaintiffs are merchants at Bogota and the defendant is a merchant at New York. Prior to March, 1875, the plaintiffs and defendant had various dealings with each other, and there was at that time an open account between them. On the 17th of March, 1875, the plaintiffs sent to the defendant a draft at ninety days for $12,000, with instructions to expend the same in the purchase of silver to be shipped to them. In consequence of some uncertainty as to the kind of silver to be purchased and shipped, the defendant did not fill the order, but wrote for further instructions on the twenty-third of April. On the 26th of May, 1875, the plaintiff's reply, countermanding their order for the purchase of silver and directing the defendant when he shall have received the money upon the draft to pay Messrs. De Castro & Co. any balance which the plaintiffs might owe them, and

Obregon agt. De Mier.

to pay himself what the plaintiffs owed him and to forward the balance to M. Vengohecha & Co. of Paris. On the 7th day of June, 1875, the plaintiffs informed the defendant that they had thought it best to draw on him in favor of M. Vengohecha & Co., of Paris, for the $12,000 at sixty days. The draft, when presented, the defendant accepted, but did not pay the same at maturity. Thereupon the plaintiffs commenced this action to recover the $12,000 in question, claiming that he received the same in a fiduciary capacity, and an order of arrest was issued herein against the defendant who was arrested and held to bail thereunder.

*Mr. Fuller*, for motion.

*Mr. Hatch*, opposed.

Van Brunt, *J.* — It might be sufficient to dispose of this motion, to observe that the cause of action and the ground of arrest being identical, the court will not try the issue upon affidavits. Unless the plaintiffs can show that the defendant is indebted to them for money received in a fiduciary capacity they must necessarily fail in this action, because there can be no dispute as to the facts. It is perhaps as well that the motion should be disposed of upon its merits.

The objections made by the defendant to the order are two: First. That the money was not received in a fiduciary capacity. Second. Even if it was, that relation was changed by the drawing and acceptance of the draft for the money so received.

I am unable to come to any other conclusion than that the money was received in a fiduciary capacity. It was a specific sum which was to be invested in a particular way. The instructions were specific upon that point, and the defendant so understood them. This money was to be invested in silver and nothing else, and this silver shipped to the plaintiffs. The defendant had no right to use any portion of the money

for any purpose except the purchase of the silver, and plaintiffs did not repose any trust in the pecuniary responsibility of the defendant, but they did repose confidence in his personal integrity. They did trust him to invest their money in silver. Could it be for a moment claimed that any creditor of the defendant could have reached this money in the hands of the defendant? Would the court have hesitated a moment in saying that this money did not belong to the defendant, but was plaintiffs' property? I think it is clear, therefore, that this money was received in a fiduciary capacity. This brings us to the second objection.

It will be observed that upon the plaintiffs being advised that the defendant had not complied with their instructions, they at once informed him not to purchase the silver, but out of their money pay De Castro & Co. any sum which they might owe them, and to pay himself any balance due him and remit the balance which might remain.

In passing it might be well to observe, that if this money was simply to be passed to the credit of the plaintiffs upon the books of the defendant, it is exceedingly strange that the plaintiffs should have given the defendant express authority to pay himself out of this money when the mere crediting it to the plaintiffs upon the defendant's books would have accomplished this result. Here, then, we have their specific directions for disposing of this money. Before, however, the defendant had complied with these directions the plaintiffs informed the defendant that they had drawn upon him for the whole amount in favor of the firm in Paris, and the defendant accepts the draft which, however, he does not pay at maturity. This necessarily rescinds the previous directions as to the disposition of the money.

I am entirely unable to see that the drawing of their draft places the matter in any different light than the directions contained in the previous letter. It was no more than a direction to pay the whole of the money to the payees named in the draft or their order.

Obregon agt. De Mier.

It was a draft drawn against a particular fund in the hands of the person upon whom the draft was drawn belonging to the drawer, and I am entirely unable to see how it can possibly change the relation of the defendant to the fund. Upon his failure to pay the draft the defendant stood in the same relation to the plaintiffs as though he disobeyed instructions contained in a letter disposing of the fund. It is true that by the acceptance of the draft the defendant incurred a liability to the payees and holders of the draft, and that plaintiffs are bound to return to him this draft. But the rule is well settled that it is sufficient upon the trial to surrender any such securities.

Under the circumstances of this case I am unable to regard this draft in any light except as an order to pay this money to the payees therein named, or their order, and upon failure so to do the defendant became liable to the plaintiffs for moneys received in a fiduciary capacity.

Motion to discharge order of arrest must be denied, with ten dollars costs to abide event.